UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH C. MARTIN,<br><br>       Plaintiff,<br><br>-against-<br><br>TRANSFORM KM, LLC and GOPLUS CORP. d/b/a COSTWAY.COM,<br><br>       Defendants. | **TRIAL BY JURY DEMANDED**<br><br>Civil Action No.: 1:23-cv-01080 JPO<br><br>**AMENDED COMPLAINT** |

Plaintiff, JOSEPH C. MARTIN, by his attorneys, **RAPHAELSON & LEVINE LAW FIRM, P.C.**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## PARTIES

1. Plaintiff is a resident of the County of New York, State of New York.

2. Upon information and belief, the Defendant, **TRANSFORM KM, LLC**, is a foreign limited liability company authorized to conduct and/or transact business in the State of New York.

3. Upon information and belief, the Defendant, **GOPLUS CORP. d/b/a COSTWAY.COM**, is a foreign corporation authorized to conduct and/or transact business in the State of New York.

## JURISDICTION

4. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Upon information and belief, this Court has diversity of citizen jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## VENUE

6. Upon information and belief, venue of this action in the Southern District of New York was properly laid at the time the underlying state court action against all Defendants was removed to this Court pursuant to 28 U.S.C. §1441 (a).

7. Upon information and belief, venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. §1391 (b)(2), in that a substantial part of the event giving rise to the claim occurred in the Southern District of New York.

## FACTS

8. At all times herein mentioned, the Defendant **TRANSFORM KM, LLC** was engaged in the business of manufacturing GoPlus Upright Folding Rollator Walkers.

9. At all times herein mentioned, the Defendant **TRANSFORM KM, LLC** was engaged in the business of designing GoPlus Upright Folding Rollator Walkers.

10. At all times herein mentioned, the Defendant **TRANSFORM KM, LLC** was engaged in the business of distributing GoPlus Upright Folding Rollator Walkers.

11. At all times herein mentioned, the Defendant **TRANSFORM KM, LLC** was engaged in the business of selling GoPlus Upright Folding Rollator Walkers.

12. At all times herein mentioned, the Defendant **TRANSFORM KM, LLC** was engaged in the business of developing GoPlus Upright Folding Rollator Walkers.

13. At all times herein mentioned, the Defendant **TRANSFORM KM, LLC** was engaged in the business of testing GoPlus Upright Folding Rollator Walkers.

14. At all times herein mentioned, the Defendant **GOPLUS CORP. D/B/A COSTWAY.COM** was engaged in the business of manufacturing GoPlus Upright Folding Rollator Walkers.

15. At all times herein mentioned, the Defendant **GOPLUS CORP. D/B/A COSTWAY.COM** was engaged in the business of designing GoPlus Upright Folding Rollator Walkers.

16. At all times herein mentioned, the Defendant **GOPLUS CORP. D/B/A COSTWAY.COM** was engaged in the business of distributing GoPlus Upright Folding Rollator Walkers.

17. At all times herein mentioned, the Defendant **GOPLUS CORP. D/B/A COSTWAY.COM** was engaged in the business of selling GoPlus Upright Folding Rollator Walkers.

18. At all times herein mentioned, the Defendant **GOPLUS CORP. D/B/A COSTWAY.COM** was engaged in the business of developing GoPlus Upright Folding Rollator Walkers.

19. At all times herein mentioned, the Defendant **GOPLUS CORP. D/B/A COSTWAY.COM** was engaged in the business of testing GoPlus Upright Folding Rollator Walkers.

### THE CLAIM:

20. Plaintiff incorporates and restates each of the above paragraphs as if set forth fully herein:

21. At all times herein mentioned, Plaintiff **JOSEPH C. MARTIN** purchased an GoPlus Upright Folding Rollator Walker.

22. Upon the distribution, sale and/or lease of the aforesaid merchandise, Defendants warranted to all intended users, including Plaintiff **JOSEPH C. MARTIN**, that said merchandise and all its component parts were of merchantable quality and fit for the purposes for which they were designed, manufactured, assembled, inspected, sold and/or leased, and intended.

23. That at all times hereinafter mentioned, Plaintiff **JOSEPH C. MARTIN** used said GoPlus Upright Folding Rollator Walker that was designed, manufactured, distributed, sold and/or leased by Defendants in accordance with the instructions provided.

24. The aforesaid product was inherently defective in both design and manufacture, and unsafe, inadequate and unfit for the purposes for which designed, manufactured, sold and distributed by Defendants. The Defendants by their agents, servants and/or employees were careless and negligent in the manufacture of said product and failed to use due care in the design, construction, testing, and warning thereof. The limitations and dangers inherent in the use of said product were not open and obvious and could not be ascertained or known to Plaintiff **JOSEPH C. MARTIN**, either by visual inspection or by the execution of preliminary testing.

25. The warranties of the Defendants were untrue.

26. That at all times herein mentioned and on September 21, 2021, while the Plaintiff **JOSEPH C. MARTIN** was properly using the aforesaid GoPlus Upright Folding Rollator Walker, suddenly and without any notice or warning said walker and all parts and components of the riveted joints on the Walker frame malfunctioned, in consequence whereof Plaintiff was caused to suffer serious and severe personal injuries.

27. That the Defendants, and each of them, through their officers, agents, servants and/or employees, were careless and negligent in failing to properly manufacture and design the aforesaid GoPlus Upright Folding Rollator Walker so as to have proper safety mechanisms, guards

and devices in place including but not limited to defectively and dangerously designed and manufactured riveted joints, semi-tubular riveted construction, semi-tubular riveted shanks and all walls, artifacts, parts and components that made up the riveted joints; in providing an improper guard and/or no guard on said Upright Folding Rollator Waller; in that the Upright Folding Rollator Waller is designed for novice Upright Folding Rollator Waller users and the guard in place actually created the appearance of security that did not exist; in failing to properly inspect and test the Upright Folding Rollator Waller; in failing to provide proper warnings of those dangers and hazards, or those dangers and hazards that reasonably should have been known by Defendants, their officers, agents, servants and/or employees in the exercise of reasonable care; in failing to provide proper instructions and directions as to the use, operation, maintenance, repair and/or servicing of the aforesaid Upright Folding Rollator Waller; in failing to make applicable changes in the design and manufacture of the Upright Folding Rollator Waller after Defendants knew or should have known of the various defects in the design and manufacture of the Upright Folding Rollator Waller; in distributing and selling a defective, dangerous and hazardous Upright Folding Rollator Waller that was not merchantable and not fit for the use intended; in failing to obey the applicable statutes, ordinances, rules and regulations in such case made and provided for and in otherwise being careless, reckless and negligent.

    28.    That the aforesaid occurrence was due solely by reason of the negligence of the Defendants and through no fault or lack of care on the part of the Plaintiff contributing thereto.

## DAMAGES

    29.    Plaintiff incorporates and restates each of the above paragraphs as if set forth fully herein.

    30.    That the Plaintiff sustained severe and serious injuries as a result of falling as a

result of the packaging materials left on the floor of the supermarket at the premises.

31. That the Plaintiff has sustained great pain and suffering, shock and anguish, and will suffer same in the future.

32. That the Plaintiff's injuries are permanent.

33. That the Plaintiff has incurred medical, hospital and related expenses.

34. Upon information and belief, the Plaintiff will incur hospital, medical and related expenses in the future.

35. That the Plaintiff has been disabled from activities and will so remain in the future

**WHEREFORE**, Plaintiff **JOSEPH C. MARTIN**, demands judgment against the Defendants as follows:

- Past and future conscious pain and suffering in the sum of $3,500,000;

- Past medical, hospital and related expenses, last known to be approximately $384,792.29, together with such further amounts as will be proven at the time of trial;

- Future medical expenses: $ 1,500,000.00, subject to more accurate information from an Expert Life Care Planner and economist;

- Costs and such further relief as this Court may deem just and proper.

Dated: New York, New York
       June 1, 2023

By: Joseph Taylor, Esq. (JT-7538)
**RAPHAELSON & LEVINE LAW FIRM, P.C.**
Attorneys for Plaintiff
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
(212) 268-3222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH C. MARTIN,

        Plaintiff,

-against-

TRANSFORM KM, LLC and GOPLUS CORP. d/b/a
COSTWAY.COM

        Defendants.

---

Civil Action #: 1:23-cv-01080 JPO

**INDIVIDUAL VERIFICATION**

STATE OF NEW YORK )
                      ) ss.:
COUNTY OF

        __Joseph C. Martin__, being duly sworn, deposes and says:

        That I am one of the plaintiffs in the within action.

        I have read the foregoing and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

                              x_____

Sworn to before me this
1st day of June, 2023

_____
NOTARY PUBLIC

VITO CARNAZZA
Notary Public State of New York
No. 01CA6033206
Qualified in Suffolk County
Commission Expires November 15, 20__24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Civil Action #: a:23-cv-01080 JPO

---

JOSEPH C. MARTIN,

                Plaintiff,

-against-

TRANSFORM KM, LLC and GOPLUS CORP. d/b/a COSTWAY.COM,

                Defendants.

---

## AMENDED COMPLAINT

---

**RAPHAELSON & LEVINE LAW FIRM, P.C.**
*Attorneys for Plaintiff*
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
(212) 268-3222